**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ALTERNATIVE LOAN TRUST 2007-HY2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007HY2,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC *et al,*<br><br>Defendants. | Case No.: 2:16-cv-01164-RFB-NJK<br><br>**ORDER** |

## I.  INTRODUCTION

Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Default Judgment against Cross-Defendant Sylvia Fowler ("Fowler") and Motion for Default Judgment against Mortgage Electronic Registration Systems, Inc. a Delaware Corporation, as nominee for Countrywide Bank, N.A., its successors and assigns ("MERS"). ECF Nos. 50, 53. For the following reasons, the Court grants both motions.

## II.  PROCEDURAL BACKGROUND

Plaintiff The Bank of New York Mellon filed its complaint on May 24, 2016. ECF No. 1. The complaint sought declaratory relief that a nonjudicial foreclosure sale conducted under Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish its deed of trust on a Las Vegas property. Id. SFR

answered the complaint on August 23, 2016, and asserted counterclaims against Plaintiff and crossclaims against Fowler and MERS. ECF No. 23. On August 23, 2016, the Court stayed the case pending the issuance of the Ninth Circuit's mandate in <u>Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.</u>, 832 F.3d 1154 (9th Cir. 2016). MERS was served on October 3, 2016. ECF No. 38. Fowler was served on October 13, 2016. ECF No. 37. On April 8, 2019, the Court lifted the stay. ECF No. 36. The Clerk entered default against Fowler on May 1, 2019. ECF No. 45. On July 30, 2019, the Court granted a stipulation of dismissal that dismissed all of Plaintiff's claims against defendants. ECF No. 48. SFR moved for default judgment against Fowler on August 5, 2019. ECF No. 50. The Clerk entered default against MERS on August 6, 2019. ECF No. 52. SFR moved for default judgment against MERS on August 6, 2019. ECF No. 53.

### III. FACTUAL ALLEGATIONS

SFR alleges as follows in its cross-complaint and motions for default judgment: Fowler obtained title to property located at 5917 Magic Oak Street, North Las Vegas, Nevada 89031 in December 2006. The property was subject to the conditions, covenants, and restrictions of the Sierra Ranch Homeowners Association. On November 14, 2013, Sierra Ranch foreclosed on its lien for delinquent assessments, and SFR acquired the property at the sale. The foreclosure deed was recorded on November 21, 2013. On December 22, 2006 MERS recorded a second deed of trust on the Property.

### IV. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

## V.  DISCUSSION

In considering the seven Eitel factors, the Court finds default judgment against Fowler and MERS is warranted. The first and sixth factors warrant granting default judgment because Fowler and MERS have failed to appear in this matter, prejudicing SFR from obtaining clarification as to ownership of the property. Likewise, the failure to appear for over three years suggests that neither Fowler nor MERS could demonstrate excusable neglect if they were to appear now.

The second, third, and seventh factors also counsel in favor of granting default judgment. NRS Chapter 116 entitles a homeowners' association to a superpriority lien for nine-months of unpaid association fees. SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014). The Court finds based upon the undisputed allegations that the foreclosure sale by the HOA extinguished Fowler and MERS's interest in the property. See Bank of America v. SFR Investments Pool 1, LLC ("Diamond Spur"),

427 P.3d 113, 121 (Nev. 2018). As there are no longer any remaining pending claims, the Court closes the case.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Default Judgement Against Sylvia Fowler (ECF No. 50) is granted.

**IT IS FURTHER ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Default Judgment Against Mortgage Electronic Registration Systems, Inc. a Delaware Corporation, as nominee for Countrywide Bank, N.A., its successors and assigns (ECF No. 53) is GRANTED.

**IT IS FURTHER DECLARED** that Sylvia Fowler and any of her successors and assigns have no right, title or interest in the property and that SFR is the rightful title owner of the property.

**IT IS FURTHER DECLARED** that MERS, and any of its successors and assigns have no right, title or interest in the property and that SFR is the rightful title owner of the property.

**IT IS FURTHER ORDERED** that the cash deposit of $500 (ECF No. 20), plus any accrued interest, be returned to the Legal Owner designated in the certificate.

**IT IS FURTHER ORDERED** that the notice of lis pendens (ECF No. 7) filed in this case is expunged.

The Clerk of the Court is instructed to close the case.

DATED: March 31, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**